UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THEDELL DOSS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:14CV1509 RWS |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before me on Thedell Doss' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#1]. For the reasons set forth below, the motion will be denied.

**I.      Background**

Doss was charged in an indictment with possession with intent to distribute in excess of 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1). (Criminal Case 4:11CR381 RWS). On August 22, 2012, Doss pled guilty to the charge pursuant to a guilty plea agreement with respondent. In the plea agreement, Doss agreed that his base offense level would be 28 as found in Section 2D1.1.[1] The parties also agreed that Doss should receive a reduction of three levels based upon his acceptance of responsibility, resulting in a total offense level of 25, and that Doss' criminal history would be determined by the Court. Doss further acknowledged that he was subject to a mandatory minimum term of imprisonment of five years. As part of the plea agreement, respondent agreed not to bring any further charges based upon his possession with

---

[1] The parties stipulated that the quantity of heroin for which Doss was accountable was 400 grams but less than 700 grams, resulting in the agreed Base Offense Level.

intent to distribute heroin on February 19, 2010, and to withdraw its previously filed criminal information for Doss' prior felony offenses, which would have subjected him to a mandatory minimum sentence of ten years imprisonment. Finally, both parties agreed to waive their right to appeal the sentence imposed in the event that the Court accepted the plea agreement and sentenced Doss in accordance with its provisions.

In his plea colloquy, Doss stated that he understood the proceedings and the charges against him, that he was fully satisfied with the representation of his counsel, and that he knowingly and voluntarily waived his rights. (Doc. # 67 in 4:11CR381). I went through all the provisions of the plea agreement with him, including his total offense level and the maximum terms of imprisonment he was facing, and Doss stated that he understood and agreed with those provisions. (Id.). After the Assistant United States Attorney summarized the evidence against him, I asked Doss if he "did what he says you did"? Doss replied, "Yes, I did." (Id.). Doss having assured me of his guilt and his knowing and voluntary waiver of his rights, I accepted his guilty plea and set his case for sentencing on November 30, 2012.

After he pled guilty but before he was sentenced, Doss filed a pro se motion entitled "Motion Questioning District Court Jurisdiction to Successively Prosecute Defendant Pursuant to the Dual Sovereignty Doctrine." (Doc. #49 in 4:11CR381). In this motion, Doss complained that he was being "successively prosecuted" pursuant to the "dual sovereignty doctrine." Doss appeared for sentencing as scheduled and continued to be represented by counsel. However, at the beginning of the sentencing hearing Doss requested that he be allowed to address the issue of the Court's jurisdiction as follows:

DOSS: I explained to her that I don't understand why I'm in this court and why --

how this court got jurisdiction when the indictment states that on 2/19/10 I committed a crime in the state of Missouri and that this indictment is saying that the 841(b) jurisdiction is based on that particular crime. And on 2/9/10 in the state of Missouri I never committed a charge. The charge was refused against me. The complaint was never issued, and I was released. I have never been in the custody of the United States government. I never been in the custody of the DEA. I never was arrested by the federal government. This case is, I believe, is here pursuant to dual sovereignty doctrine, and because it's here pursuant to the dual sovereignty doctrine, that my understanding is that this court does have jurisdiction to try a case on a dual sovereignty if I have already committed a previous act in another -- in the state courts. And that's what I'm asking this court, to show the criminal complaint, the criminal act, that this 841 is based on, since the indictment clearly states that on 2/19/10 in the city -- I mean in the city of St. Louis in the Eastern District of Missouri that can be dual sovereignly prosecuted because there was no previous prosecution or no previous charge against me.

(Doc. # 65 in 4:11CR381 at 5-7). The Assistant United States Attorney responded as follows:

TIHEN: On 2/19 of 2010, Mr. Doss possessed a large amount of heroin with the intent to distribute. He was arrested by city police officers, and the warrant was refused so that the federal crime could be charged. This court has jurisdiction under Title 18, United States Code, Section 3231, which provides pursuant to that section: Federal district courts possess original jurisdiction over all violations of federal law . . . Because of the facts involved in Mr. Doss' offense, that is, a violation of federal law, that is, Title 21, United States Code, Section 841(b)(1) and punishable under (b)(1)(B). So in that regard this court does have jurisdiction. I think Mr. Doss kind of blends his argument with a double jeopardy claim, but in this claim – case the crime committed by him is both a violation of state and federal law. However, he was never even charged in state court. . . .

(Id. at 7-8). I also tried explaining to Doss that he was properly before the Court as follows:

COURT: There's only been one charge of conviction, and that was possession of heroin with intent to distribute in the United States District Court. And you may recall when you appeared before me before, Mr. Doss, that you did tell me under oath that this large bag containing a large amount of heroin was in your possession, and you understood that under oath that was yours, and in fact, I read you the elements of the count to which you pled guilty: That you were in possession of heroin; you knew you were in possession of heroin; you intended to distribute some or all of it to another person. And I told you not to plead guilty if you didn't believe the United States Attorney could prove all of those matters beyond a reasonable doubt, and you told me you understood that . . . . So there's

> no doubt that the Court has jurisdiction over your conduct as a United States District Court for your trafficking in heroin in the state of Missouri . . . .

(Id. at 8-9). When Doss persisted in arguing that the Court lacked jurisdiction over him, I again explained that "[a]ll I need to know is that there is a law enacted by Congress that prohibits trafficking in heroin, which you told me under oath you did . . . . Therefore, you violated a law of the United States, which Congress has the right to regulate interstate commerce, and among those things it regulated in interstate commerce are those criminal acts that engage in interstate commerce which includes trafficking in illegal substances." (Id. at 10-11). I then proceeded to adopt the Presentence Investigation Report and sentence Doss to 105 months imprisonment consistent with the plea agreement. Despite this and the waiver of appeal rights contained in the plea agreement, Doss appealed to the Eighth Circuit Court of Appeals. Respondent moved to dismiss the appeal based upon the waiver in the plea agreement. On February 27, 2013, the Eighth Circuit summarily affirmed Doss' conviction and sentence. (Doc. # 69 in 4:11CR381). Doss then filed a petition for rehearing en banc, which was denied on April 17, 2013. The mandate issued on April 24, 2013, and Doss' motion to recall the mandate was denied on May 9, 2013. On October 15, 2013, the United States Supreme Court denied Doss' petition for a writ of certiorari. Doss then filed the instant motion for § 2255 relief.

On November 19, 2014, I granted Doss' motion for a sentence reduction pursuant to 18 U.S.C. § 3582, Sentencing Guidelines §1B1.10 and Amendment 782, and reduced Doss' term of imprisonment from 105 months to 87 months.

## II. Grounds for Relief

Although somewhat difficult to discern, in his § 2255 motion Doss complains that his

trial counsel was ineffective for failing to argue that: his constitutional rights were violated because hearsay testimony was presented to the grand jury in support of the indictment; and, the Court lacked jurisdiction because he was originally arrested by state, not federal, law enforcement officers and was never prosecuted by the State of Missouri. Doss also argues that his counsel was ineffective for failing to pursue these claims on appeal. As discussed below, none of these claims has merit so the § 2255 motion will be denied.

## III.  Analysis

### A. An Evidentiary Hearing is not Warranted

An evidentiary hearing need not be held if Doss' "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). For the reasons stated below, Doss' allegations do not rise to the level that would require me to hold an evidentiary hearing.

### B. Doss' Ineffective Assistance of Counsel Claims Fail

Doss seeks § 2255 relief based on ineffective assistance of counsel in violation of the Sixth Amendment. To state a claim for ineffective assistance of counsel, Doss must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error.

Id. Second, Doss "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995). As a matter of law, counsel cannot be ineffective for failing to make a meritless argument. Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

Here, Doss cannot demonstrate that his counsel was deficient because the arguments Doss claims she should have raised are meritless. Once again, Doss is attempting to resurrect his lack of jurisdiction and "dual sovereignty doctrine" arguments, this time in the guise of an ineffective assistance of counsel claim. However, counsel cannot be ineffective for making these meritless arguments that were previously raised and rejected by the Court at sentencing. As explained on the record to Doss by the Assistant United States Attorney and by me, the Court had jurisdiction over him and his criminal case. Doss admitted under oath that he committed the crime charged in violation of 21 U.S.C. § 841. That the State of Missouri originally arrested Doss and then opted to allow the federal court to prosecute him for heroin trafficking rather than prosecuting him itself is of no moment and does not deprive this Court of jurisdiction over him or his crime. Doss violated a federal drug trafficking law, admitted to doing so, and was accordingly sentenced in a federal court for his violation of that law. Doss may not like the result, but that does not change the fact that this argument is meritless and does not entitle him to any relief.

The same is true of Doss' argument that his constitutional rights were violated because hearsay testimony was presented to the grand jury. Apparently, Doss believes that the police

officers who actually witnessed the crime and arrested him on February 19, 2011, were required to testify before the grand jury in support of the indictment. This argument is meritless as "there is no constitutional preclusion of the use of hearsay testimony in grand jury proceedings." United States v. Bednar, 728 F.2d 1043, 1049 (8th Cir. 1984) (citing Costello v. United States, 76 S. Ct. 406, 408-09 (1956)). Because counsel cannot be ineffective for failing to raise a meritless argument, Doss' ineffective assistance of trial counsel claims fail as a matter of law.

Finally, Doss contends that his counsel was ineffective for failing to raise these arguments on appeal. Yet, counsel cannot, as a matter of law, be ineffective for failing to make a meritless argument on appeal. Rodriguez, 17 F.3d at 226. As all of these arguments are meritless and raising them on appeal was, in any event, precluded by the valid appeal waiver contained in Doss' plea agreement, appellate counsel was not ineffective as a matter of law. Accordingly, all of Doss' ineffective assistance of counsel claims fail, and his § 2255 motion must be denied.

*C. I Will Not Issue a Certificate of Appealability*

As Doss has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Thedell Doss to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability

as Doss has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accord with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2015.